325-0531-WC, Argonne National Laboratory, Appalachia, John Karras v. Illinois Workers' Compensation Comm'n, et al., John Kundrat, Appellant by Alan Karpell. Counsel Karpell, you may proceed. Good morning, Your Honors. May it please the court. My name is Alan Karpell, and I represent the appellant in this case, John Kundrat. Neither party in this case requested oral argument, so rather than repeating what's in my brief, I thought I would see whether Your Honors had questions for me, and then we could address whatever reason we're having the oral argument this morning. Well, would you like to proceed just a little bit? Sure. Yes, of course. I think the case is pretty simple. Basically, what happened in this case was the respondent, the appellee, filed a post-trial motion to correct clerical and computation errors. Before that motion was decided, they then filed a petition for review. The motion was subsequently denied, and after denial of the motion, they didn't refile or amend their petition for review, and under the case law, going back 50-plus years, that becomes a defective petition for review, and there is no jurisdiction for that appeal. The jurisdiction in the commission is strictly controlled by the statute, and if the party doesn't meet the requirements of the statute, the case law is clear that there is no jurisdiction, and so on that basis, I asked for dismissal before the commission. They ultimately granted my motion to dismiss. The case then took kind of an interesting procedural route. The appellee, the employer, filed for a review in the circuit court and filed it in Kane County. There wasn't a venue in Kane County. I moved to change venue, and that motion was unopposed, and it was granted. Venue was changed to Will County. It sat before Judge Bennett Braun for actually quite a while. It took us a bit of time for us to actually get an argument. We finally had the argument. He then wanted to issue a written decision, so it gave us more time. When we went back at the time for the next status hearing, basically he told us that he hasn't had time to write a decision, and here's what he's thinking, and he essentially reversed the commission and asked us to draft the order, which is what you have in the record. May I ask, Mr. Carpell, that it seems that the employer's argument is that with that first motion, they initially made the motion in front of the arbitrator, the motion to correct, and according to them, it's unresolved. It was unresolved, and therefore the trial court was right to reverse because the arbitrator should have ruled. Are they correct? I don't believe so, Your Honor. First of all, the statute makes it clear that a motion to correct clerical error in computation can be heard by the arbitrator or the commission. Well, that's true, and I'm not sure if their position is, it could be both, but I guess that's really the crux of their ruling, or excuse me, of their argument, that that's unresolved, and therefore we should remand it back so that the arbitrator can deal with that motion. So what happened in this case is we tried this case in June of whatever year, and we didn't receive a decision from the commission, from the arbitrator, so Respondents Council and I agreed to together contact the arbitrator and ask where is this decision. The arbitrator explained to us, and all of this is in emails, but it's all in the record, but the arbitrator explained to us that he actually issued the decision six weeks after we tried the case, and then he checked with the commission, and presumably the commission made error and didn't send out the decision. So the decision was then sent out immediately. That was in December. Could you tell me again the time frame when you guys contacted the arbitrator, how long after the hearing was that? I think we contacted the arbitrator in December, shortly before the decision was actually released by the commission. Yeah, I think both of us didn't really want to bother the arbitrator, and just at some point it became so long that we assumed that something was going on, so that's why we contacted him. So he checked with the commission, the decision was then released, and then the respondent, the employer, filed its motion to correct clerical and computation error, and they filed that before the arbitrator, and the arbitrator said let me check with the front office, is what he said, with the commission to see what I need to do here, and presumably, even though he doesn't say it, you know, one of the bases of the motion to is that this decision was made in June, and it was not filed until December, and the employer was concerned that they were going to be assessed with interest for that six-month period of time that they didn't even have the decision, and so the arbitrator conferred with the commission, and the commission decided that the motion should be heard by us, presumably because the commission is the one that made the error that counsel was contesting, and so to me, that makes perfect sense. I mean, and that's one of the reasons why I think that the statute says that the motion to correct can be heard by either the arbitrator or commission. In this case, it was the commission's error. The arbitrator and the commission felt it was more appropriate for the commission to have a hearing and make a determination on that error, which they ultimately did, and then the motion to correct was denied, and as I said before, then there was not a subsequent petition for review filed, and that means that the commission has lost jurisdiction. Anything further? Yeah, I really don't have any. I mean, I could, I guess I'll reserve some time to counsel's argument. We are given time, so yeah, we're given time in response, but anything further? No, there's nothing. I have nothing further at this time. Thank you, your honors. Okay, good. No further questions? I have one more question. If the motion to correct is denied, do you have a position on when the time to file a petition for review expires? If the motion is denied, then the motion to correct is denied. Correct. Then it's 30 days to file the petition for review, or in this case, it would have been 30 days to, I think, under the case law, either file a new petition for review because the last one was a nullity, or you can amend, apparently. There's some references in the case law to amending the for review so that, again, it's considered a new filing. Thank you, counsel. In this case, the motion to correct, is your position it was denied? Absolutely, and that is in the record. The commissioner, and I won't get into this. There's some argument with the commissioner. The commissioner specifically did deny the motion to correct. There's no dispute about that. Okay. Anything further? Well, in light of that, in response to that, the fact that the commissioner's directive, I think the statement was that the case will move forward. Does that cure anything? Does that create a problem? What's your position on that? Well, I don't think so, and I did address this in my briefs. First of all, I think that there is case laws. I think I cited a Supreme Court case that says if the judge essentially describes a procedure that is not well-founded in the law, and you follow it, that's your issue. You can't blame that on the judge. Each party needs to comply with the law, and if you don't, whether the judge has given you bad advice or not is really immaterial. The second thing, and I think this is important, is that when the judge... I'm not sure what the commissioner really meant by that statement, the petition for review will move forward. She didn't say that it'll move forward whether or not there are any defects in it. She was not even considering a defect because, remember, at that point, I had not filed my motion to dismiss, so the question of jurisdiction really had not even come up. It was only after she denied the motion that sometime after that she made that statement that I then filed my motion to dismiss, so it wasn't as if she was consciously saying that the petition for review will withstand any jurisdictional or other errors. She was just saying that, okay, I've denied the motion. The review moves forward. I think it was just not even a well-thought-out statement, which she apologized for later. Regardless of any detrimental reliance by any of the parties, that does not have any bearing on whether or not jurisdiction was proper. Correct. That's my position, your honor. Okay, so could you characterize her statement as just a procedural directive? I guess. I think she was essentially sort of taking care of business before her and just said the next step is we'll deal with the petition for review. Not that the petition for review is good, but that we'll deal with it when you'll file your briefs, et cetera, and then I file the motion, and then after considering my motion, she granted it. So obviously, you know, when confronted with the law, she agreed that the petition for review is defective and they didn't have jurisdiction. Was an argument, I guess I did think of something, presenting Justice Holdridge, if I may. How did the argument that the arbitrator, or excuse me, the commissioner who ruled on the motion have a conflict of interest? How did that, where did that develop? Yeah, well, that was argued by, I'm not even sure it was argued in the brief. Certainly, I think the judge said that she shouldn't have been sitting in the decision. The problem with that is it challenges the entire system of how the commission decides reviews. And I pointed out, under the commission rules, motions are to be decided by the commissioner to whom the review is or to whom the case is assigned. But petitions for review must be decided by three members of the commission or a majority of the three members. So the procedure followed the rule. And I think I said in my brief as well, there's nothing that prevents a judge who hears a matter on a pretrial to then sit on the panel or to then judge the ultimate decision of the case. That just happens. There's, you know, pretrial issues. And all that happened here, it's two motion judge decided the against or denied the motion to correct clerical error. And then there was a different matter that was before the commission. And that was my petition or my motion to dismiss. And that was motion to dismiss the review. That was heard by all three members of that panel, which is appropriate according to that rule. So I don't see any conflict of interest there. I don't think she needed to recuse herself. And if she did, then basically every workers' compensation case that you've heard has this defect planted in it. Yeah. Okay. Thank you. Your time is up, but you will have time and a short reply. Thank you. Councilor Karras, is it? Yes. You may respond. May it please the court. My name is John Karras. I represent the Pele-Argonne National Laboratory. You know, I think this case is a little bit more complicated than council kind of alluded to as far as this took an unusual procedural posture that was created after the arbitrator refused to rule on a motion to correct clerical error. And the commission assumed jurisdiction over that motion, ruled on it, and then instructed the parties to petition for a move forward. And I think the circuit court recognized that those omissions and correctly vacated the order to dismiss that appeal. We've talked about the facts here as far as the six months delay and what kind of how we got to the motions here. But I wanted to point out a couple of things. I think there's some, you know, we did talk about, you know, with 19-F where a sort of case where a commissioner has corrected an arbitrator's decision that's not on review. There's no case that's published in that regard as far as I'm sure I'm concerned. But I mean, reading of it, it says an arbitrary commission, but you could also read and say an arbitrator could correct an arbitrator's decision and a commissioner could correct a commissioner's decision. You would file a motion to correct clerical error under 19-F to correct a commissioner's decision as well. And, you know, counsel talked about how, you know, she put that in the order and it might not have been what she perceived. But I would ask the court to look at the court record where we went on the record with the commissioner. She indicated that that might have been her mistake, that she might have, you know, put that in there. And there's obviously some procedural confusion where she wasn't really sure what to do with this. And when we talked about this, I brought up the Canella case, and I understand that's not a binding case to this court. But in that case, the arbitrator refused to rule on the motion to correct clerical error. Well, I have a question about that. It's not a binding case. Is it even supposed to be cited or discussed? Are we talking about a commission decision? Yes. Okay. I think it provides guidance, and that's what, if you look at the circuit court order, it was, he indicated the same thing. Has this court ever considered that for guidance, something from the commission? No, but I think it shows what the court has done in the past, that same commission. And it shows what the commission has done, right? Right. Not the court. No, that's true. But I think, you know, if we're talking about, we're obviously not talking about, we're talking about, you know, the case that probably you guys will look at the hardest is probably International Harvester, right? And in that case that- Well, that's properly to be considered by a court. Yes. Yes. Yes. Okay. So I think in that case, they followed the- Mr. Karras, excuse me, as long as we're close to that topic. Sure. I did, I wanted to point out, Justice, Presiding Justice Holtridge is, you know, right. There's a lot of opinions that say it's, that commission decisions are not precedential, but there's also several easily found decisions that say they should not be cited and sui sponte, the appellate court strikes any reference to, you know, citations to commission decisions. They strike them from the briefs. I just wanted to bring that to your attention. You don't, you don't need to comment. I understand. You thought it was persuasive. You put it before us. I just want to let you know those cases are out there. And as long as I'm on the topic, there's several instances in your briefs where you call things an anomaly or, you know, in one instance, you say Commissioner Simpson had an inherent conflict. That's a quote, but in those instances, you don't cite anything. There's no case. And technically under our appellate rules, when you make an argument like that, you're supposed to cite a case. So that's all I wanted to say on that. Thank you, Mr. Pierce. But as long as you've touched International Harvester, I was going to bring up this. What do we do with this language from page 188? The employer chose to petition the commission to correct an alleged error. Upon filing such petition, it became incumbent upon the employer to await the commission's final determination before seeking review. How do we, how do we get around that? Well, I think we're in the commission, right? I mean, the commissioner took over the case, said the petition will move, will move forward. And we're, the commission can't confer jurisdiction. The court, neither can the trial court. I mean, you either have it or you don't. Last I understood. So help me, help me get past that. If it's jurisdictional, how do we get around it? And when you recite, where were you citing the decision from the commission? International Harvester. Oh, International Harvester. I think in International Harvester. Page 188. Yeah, I think, but International Harvester followed the normal course. I think in this case, it didn't go, it went, it would be like the circuit court making a finding at the commission level and telling the parties to move forward. I think, you know, I think that's where this went off the rails. It's when the arbitrator refused to rule on the motion that was supposed to rule on. And then it went to the commission and then the commission took over the motion, denied it, and then told the parties that the petition for review move forward. I think that's where, you know, International Harvester followed the typical chain where it was stuck. It was at the, you know, went from the arbitrator to the commission, then the commission to the circuit level, but the motion, the correct clerical error was at the circuit. The problem with ours is the motion moved from the arbitrator to the commission, you know, while the appeal was still pending. So I think it didn't follow the normal course. No, it didn't. But I guess to me, the normal course would have been after the commission ruled, then ask for a review, then file your petition for review. That to me seems like the normal course. And if that's jurisdictional, I don't know how confusion would assist. Yeah, but I guess the decision was never disturbed. The decision never was changed. It would be the exact same petition for review. It would be the exact same. There was nothing that was disturbed from that decision. Doesn't International Harvester involve a case where there was a denial of a motion to correct? Yeah, that is true. Yeah, but like I said, it's a different, the way it moved in that case was not the way that our case moved as far as it jumped the level before the motion. It was, the level above was deciding a motion below, if that makes sense. So I know you persist in the argument that the arbitrator should have made the decision or the correction, but doesn't 19F clearly state that it's the arbitrator or the commission can make those clerical corrections? Yeah, and I would agree with that reading of it. But I also point out that I think you could also look at it and say that an arbitrator could correct an arbitrary decision, a commissioner could correct a commissioner's decision. I have yet to locate a case where a commissioner's corrected an arbitrator's decision when it's not on review. Okay, so you're interpreting that 19F to suggest that even though it says both can correct clerical errors, you're suggesting that it was intended that only that body corrects its own clerical errors, doesn't correct the others? You know, again, like there isn't a case that's on point with that. And I'm asking if that's your interpretation. I think there is some ambiguity there that I would argue, but I think it says arbitrator or commission, and then it also says an arbitrator's decision and, or a commission decision. And like I said, I've never seen a commission rule on a motion to correct an arbitrator's decision. It's usually what happens is the commissioner issues a decision or it will correct whatever they thought were errors or clerical errors on their decision of review when they issued their final decision. Then you could actually obviously file a motion to correct if they made a mistake in that commission decision. I just, I've yet to locate the case where that occurred, where a commissioner. Yeah, thank you. So. I guess, you know, talking about the Mitchell case, you know, about reliance and exception, I think that case is also a little different. It was relying about notice and, you know, monitoring the notice of a part of a case I forgot what it said. That basically, you know, they, they weren't, they, that notice was not an excuse for not filing an appeal. And I think this is different here because I think we were at the commission level and the commission said that the petition for review move forward. I think there's obviously confusion that was created by that. And other than that, I mean, I think council council, what about opposing council's argument that where the court sort of sanctions wrong procedural action, that seems to cut against your argument. Do you call councils relaying those cases to you or to us? It was, I think it was Mitchell. I think it was about, you know, it was a case where the notice, they didn't get notice of the decision, neither party. And then I think the judge issued a new decision to like, renew the note of the, renew the period of appeal. But I, you know, I think it's different here because it was not a, there wasn't a notice issue. It was more of a commissioner taking over a motion and then ruling on it, not changing the original decision and then instructing the petition for review move forward. I think that's the distinction. I think it's a little bit different. When you say ruling on it, the motion to correct had not been ruled upon when the petition for review was filed in the beginning. Isn't that correct? I'm sorry. Can you repeat that? Sure. The, the motion to correct was still outstanding when the petition for review was filed. Was it not? Yeah, it was, we preserved the rights. So then what happened was he, he refused, the arbitrator refused to rule on the motion and then instructed us to file in front of the commission. I, I asked him to reconsider considering as we talked about the 19 F gives him that authority, but he instructed us to file it in front of the commission. And that's so, so I guess my line of inquiry is you seem to be basing your argument on the fact that the commission sort of, I don't want to say led you astray, but led you in a direction that you followed feeling that was rightfully the way the right action to take, but this motion to correct was still outstanding. Yes. That seems to be the basis of your argument that you had to move forward because that's the instruction you got. Right. And the decision was never disturbed. And I think it would have been, obviously the things would have been different if certain, you know, I can't speak to how things would have gone if, you know, the arbitrator ruled on, you know, I think I hopefully wouldn't be here, but it's hard for me to say, but like I said, this case went down a path that's unusual. And essentially, you know, I follow what I was told to do and, you know, and the remedy here is just remanded. I mean, for me, my client to lose his review rights after I'm being told by each party to do something. And then now my appeal is being thrown out. I don't think it's fair to my client. I guess not, I don't want to use a fair argument, but, you know, this is, you know, I was told by these parties to do that. And I, you know, I followed that direction. So I would agree with you that the, the, both the arbitrator and the commissioner put you in a very precarious position and potentially no, no fault of your own. But again, if the commission was wrong in stating that it was going to go forward and the arbitrator was wrong, assumedly, and choosing not to correct its own error you know, how do we, if we follow the statute and we follow the law, I mean the, you know, your opponent's position on this is pretty strong with precedent with regard to if a motion is void or not. I don't, I don't think that, you know, the voidness is conditioned on a corrected ruling being issued. I think it's void if it's filed prior to a motion, an outstanding motion being ruled on one way or the other, whether it was founded or not corrected or not. If you file it prior to that motion being resolved, it's a void. It's void for, we don't have the jurisdiction to move forward with it. So I feel for your position. I'm just hoping you can give us a really good explanation on how we can get around what the statute says and what the law of the precedent is with regard to this issue. Yeah. I mean, like I said, there's not a case and, you know, we talked about, we can't, you really use canali, but I think there's, there's really, there's no case. I understand that there's no, no case law. Yeah. And, and I think you were on the right track when you were talking about, you know, substantial justice for your client. That may be your strongest argument that I can see. So if you want to expound on that in the little time that you have left, I've. Well, time is up at this point. Oh, it's red already. Okay. Well, I appreciate that. You touched on that argument. Thank you. I'll just make a brief reply. And that is the remedy here would have been simple. And that is just file a new review after the motion was denied. Even if the respondent was guided incorrectly by the commissioner, the safe thing to do would have been to file the new review anyway, because again, there's, as I mentioned in my briefs, there's a legion of 50, 75 years of case law that says that if you don't do that, then the commission doesn't have jurisdiction. The one last thing I want to say really quickly is about this distinction between the arbitrator and the commission. And I do address this. Well, let's summarize that very simply. What your argument is, is that precedent establishes that reliance upon on courts or commissions that don't know the law, perhaps cannot grant jurisdiction where jurisdiction cannot be had.     Yeah. And when I was also going to ask a question, your brief doesn't appear to have a jurisdiction statement for our work. That is correct. Your honor. So what is the basis of our jurisdiction based on the procedural history below and that this case was remanded by the circuit court? Yeah. So I'll respond to that. That's what I expected to be the question for me. The first thing that I would say is the judge and both parties wanted this issue to be decided by the appellate court. The judge put in the 304a language for that reason in the appellee's brief on the state nature of the case. He says that the appeal has been perfected. The second argument that I would make is just an argument of judicial economy. If we go back down to the commission, now we have a new, the same motion decided by the arbitrator. And then depending on what happens there. I want to interrupt you here. Sure. Sure. You want to hold us to the appellee's procedural defaults. Yes. But you want us to apply judicial economy to the appeal when you have. I hear you. I hear you. 304a finding, but no final order. Yes. Well, the one last argument that I would make is you recently decided a case called concrete structures of the Midwest versus the commission. If you want the citation, it's 206 ILAP first 242493 WC. Is that in your brief? That is not in my brief. Jurisdiction wasn't addressed by either party. That's why I'm bringing it up now. And also this case was actually filed after the briefs were filed. This case was filed March 6th, 2026. And in that case, what happened is the circuit court decided that. Procedurally in that instance, what should be done? Procedurally in the instance where. You're talking about a case that's not in your brief. I guess I should have filed some notice with the appellate court to discuss that case. So I didn't do that. So do you want me to stop discussing it or. Well, I mean, normally what happens is with leave of court. We got it. We give you an opportunity and an opportunity for opposing counsel to respond to that. I think that's fair. So it's so choose to. Yeah, so so I'll I didn't mean to interrupt your honor. No, go ahead. OK, so so all I'll say is that there have been other cases. Workers compensation cases. In which the case was going to be remanded to the commission for a decision. But the appellate court still heard the case and then remanded the case. And that's that's that's what I'll say. OK. Any questions. From the court for their questions. All right at this point, we thank you, counsel, both for your arguments in this matter. This morning, it will be taken under advisement and a written disposition shall issue.